■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLIE SMITH, Appellant. [724 NYS2d 590] —Judgment, Supreme

Court, New York County (Budd Goodman, J.), rendered May 13, 1999, convicting defendant, after a jury trial, of rape in the first degree (4 counts), rape in the third degree (4 counts), and endangering the welfare of a child, and sentencing him to two consecutive terms of 10 to 20 years, concurrent with two concurrent terms of 10 to 20 years and five concurrent terms of 1 year, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

Defendant's challenge to uncharged crimes evidence concerning defendant's pattern of sexual and physical abuse of the child victim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in admitting this evidence since it was probative of the element of "forcible compulsion" as well as providing background that explained the victim's behavior during the charged crimes, and since its probative value outweighed its prejudicial effect (*see, People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673).

The court properly exercised its discretion in replacing a sworn juror after the court itself spoke to the juror and ascertained that, due to her child's illness, she had no idea whether she would be able to return to court in the next day or two. The court conducted a "reasonably thorough inquiry" (CPL 270.35 [2] [a]) concerning the juror's unavailability and properly determined that "there [was] no reasonable likelihood such juror [would] be appearing in court within two hours of the time set by the court for the trial to resume" (*id.*).

Defendant's challenges to the court's conduct of the trial are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that most of the instances of alleged judicial bias cited by defendant occurred outside the presence of the jury, and that the remaining instances do not warrant reversal.

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.